**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 16-192-DLB**

**CHRISTOPHER WISCHER**                                                   **PLAINTIFF**

vs.                       **MEMORANDUM OPINION
AND ORDER**

**LUDLOW POLICE DEPARTMENT, et al.**                     **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Christopher Wischer is an inmate confined at the Kentucky State Reformatory. Proceeding without an attorney, Wischer has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1).

The Court must conduct a preliminary review of Wischer's Complaint because he has been granted permission to pay the filing fee in installments (Doc. # 9) and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Wischer's Complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

1

Wischer alleges that on May 20, 2012, officers Eastham and Hager of the Ludlow Police Department were circling around the block of residential homes based upon a call to the police station that a woman had been seen vomiting outside a home. They were approached by several young men who told them that a woman was being taken advantage inside a home at 272 Stonesay. Wischer contends that Eastham and Hager entered the home without probable cause. Once inside, they found Wischer, as well as an intermittently conscious woman whom they suspected was suffering from alcohol poisoning. Paramedics arrived and transported the woman for emergency medical care. Wischer contends that his person and the home were then searched without his permission, and evidence seized in violation of the Fourth Amendment. (Doc. # 1 at 2-4).

Wischer indicates that he was later charged with first-degree rape, but was released on a $5,000.00 bond pending trial. Wischer's 57-page Complaint sets forth at great length alleged insufficiencies and improprieties arising from the police investigation into the events of that night, as well as pretrial court proceedings and his sentencing. *Id.* at 5-11. Wischer's rambling complaint vaguely contends that the criminal prosecution was conducted in violation of his due process and equal protection rights, was based upon unreliable testimony and physical evidence, was based upon evidence obtained in violation of the Fourth Amendment, and that his guilty plea was not knowing and voluntary. *Id.* at 12-49. Wischer separately contends in a single page that the Ludlow Police violated his Eighth Amendment rights in various respects, including the use of excessive force. *Id.* at 31.

Wischer has named as defendants the Ludlow Police Department and Officers Love, Eastham, Hager and Powell. Wischer does not request that this Court invalidate his conviction; instead, he asks this Court to "plea with State Court for his dismissal." *Id.* at 53. He also requests that the Ludlow Police Department be ordered to publicly announce that his trial was unfair, and asks for "just compensation" in the amount of $1,000.00 per day of incarceration under the takings clause of the Fifth Amendment. *Id.* at 50, 55.

The Kentucky Court of Justice's online website[1] indicates that on January 18, 2013, Wischer pled guilty to one count of violating Ky. Rev. Stat. 510.050 for second-degree rape by rendering the subject incapacitated through the use of an intoxicating substance. That offense is a Class C felony. The Circuit Court of Kenton County, Kentucky sentenced him to 8 years imprisonment. In 2014, the trial court denied Wischer's Motion for shock probation, and in 2016, denied his Motion to Vacate his conviction and sentence pursuant to RCr 11.42. *Comm. v. Wischer*, No. 12-CR-00528 (Cir. Ct. Kenton Co. 2012).[2]

After he filed his Complaint in this action, Wischer filed two motions for relief. In the first, Wischer requests that the Court "suspend" the sentence imposed by the Kenton Circuit Court. (Doc. # 13). The only authority cited by the plaintiff is Ky. Rev. Stat.

---

[1] See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=059&court=1&division=CI&caseNumber=12-CR-00528&caseTypeCode =CR&client_id=0 (last visited on August 29, 2017).

[2] In 2013, Wischer filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, which was denied as premature because several of his claims remained pending before the trial court and hence were unexhausted. *Wischer v. Western District*, No. 2:13-CV-182-JMH-JGW (E.D. Ky. 2013).

439.265, which authorizes the circuit court that imposed the sentence to grant "shock" probation. As a matter of federal law, if Wischer seeks an earlier or immediate release from physical custody, his only remedy is to seek a writ of habeas corpus; he may not use a civil action to directly or indirectly undermine or impugn the validity of his criminal conviction. A habeas corpus proceeding is the only mechanism available for him to do so. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

In addition, Ky. Rev. Stat. 439.265 permits Wischer to seek shock probation only from the court that imposed his sentence—Kenton Circuit Court. Finally, Ky. Rev. Stat. 439.265(4) prohibits granting shock probation where "the defendant is a violent offender as defined in KRS 439.3401." That section specifically includes "any person who has been convicted of or pled guilty to the commission of ... (e) The commission or attempted commission of a felony sexual offense described in KRS Chapter 510." Ky. Rev. Stat. 439.3401(1)(e). Wischer's conviction under Ky. Rev. Stat. 510.050 renders him categorically ineligible for shock probation. This Motion will therefore be **denied** on both procedural and substantive grounds.

Wischer also filed a motion to appoint counsel to represent him in these proceedings pursuant to 18 U.S.C. § 3006A. (Doc. # 15). However, § 3006A authorizes the appointment of counsel in federal criminal or habeas corpus proceedings; this civil action constitutes neither. A federal court may be permitted to appoint counsel to represent a *pro se* party in civil litigation, but only in truly exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); 28 U.S.C. § 1915(e)(1). When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the

4

plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009). In this case, the claims asserted by Wischer are not unduly complex and, as explained below, present no likelihood of success on the merits in this proceeding. The Court has considered the *Lanier* factors and concludes that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for the plaintiff, and the Court will **deny** the motion.

Finally, having conducted the screening required by 28 U.S.C. §§ 1915(e)(2), 1915A, it is plain that Wischer's Complaint must be dismissed. As previously noted, Wischer's request for relief from his criminal sentence is not properly before this Court in a civil rights proceeding. *Preiser*, 411 U.S. at 490; *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'").

Nor may Wischer seek damages in a civil rights proceeding based upon actions which he contends violated his constitutional rights during the course of criminal proceedings against him. "[W]hen establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction ... the claimant can be said to be 'attacking ... the fact or length of ... confinement.'" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Here, Wischer squarely challenges the constitutional validity of the police investigation and criminal prosecution against him. Therefore, he may not pursue damages in a civil rights case before he has obtained relief from his conviction, something he has thus far failed to do. *See id.* at 486-87 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Wischer's claim is therefore premature unless and until he obtains such relief, and will be dismissed without prejudice.

Finally, Wischer makes a passing complaint that the Ludlow Police Department violated his Eighth Amendment rights through his treatment during incarceration. (Doc. # 1 at 31). To the extent that claim is based upon his brief detention in 2012 before he was released on bond, any such claim has long been barred by the one-year statute of limitations. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Since 2013, Wischer has been confined at the state prison in LaGrange, Kentucky, see *Wischer v. Western District*, No. 2:13-CV-182-JMH-JGW (E.D. Ky. 2013) (Doc. # 1 therein), and he makes no allegations of mistreatment there. Accordingly,

**IT IS ORDERED** as follows:

1. Plaintiff Christopher Wischer's Motion to Suspend his sentence (Doc. # 13) is **DENIED**;

2. Wischer's Motion to appoint counsel (Doc. # 15) is **DENIED**;

3. Wischer's Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE**;

4. A Judgment shall be entered contemporaneously herewith; and

5. This matter is **STRICKEN** from the Court's active docket.

This 29th day of August, 2017.



k:\data\orders\prose\wischer 16-192-dlb memorandum rbw.docx